IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT J. WRIGHT,

       Plaintiff,

 v.                    OPINION and ORDER

SHAUN FUNK, JOSHUA KOLBO,         19-cv-37-jdp
and RYAN NEIS,

       Defendants.

---

Pro se plaintiff and prisoner Robert J. Wright is proceeding on two claims: (1) defendants Shaun Kunk and Joshua Kolbo (both correctional officers) violated the Eighth Amendment by failing to prevent him from engaging in self-harm in the form of an overdose; and (2) defendant Ryan Neis (also a correctional officer) violated the First Amendment by giving him a conduct report because Wright told Neis that he was going to file a grievance and lawsuit against Funk and Kolbo. Now Wright moves to compel defendants to produce video recordings from outside his cell on December 3 and December 4, 2018. Wright contends that that the recordings would corroborate allegations in his complaint that defendants have denied in their answer. Dkt. 21.

Wright's motion contains the reason why defendants did not produce the video: it doesn't exist. According to Wright, defendants explained in their response to his request for production that prison staff didn't preserve the video because they didn't receive a request to do so. Wright doesn't allege that he asked for the video before now and he doesn't identify any reason to question defendants' representation that they don't have a video that is responsive to his request.

As this court has stated many times, the court cannot order production of a video that doesn't exist. *See, e.g.*, *Wells v. Govier*, No. 18-cv-693-jdp, 2019 WL 3080852, at *1 (W.D. Wis. July 15, 2019); *Williams v. Syed*, No. 16-cv-474-wmc, 2019 WL 1517753, at *1 (W.D. Wis. Apr. 8, 2019); *Turner v. Rataczak*, No. 13-cv-48-jdp, 2014 WL 5023095, at *3 (W.D. Wis. Oct. 8, 2014). It is common for jails and prisons to record over old videos in the absence of notice that the video may be relevant to a lawsuit. *See, e.g.*, *Allen v. Richardson*, No. 16-cv-410-wmc, 2018 WL 1997986, at *3 (W.D. Wis. Apr. 27, 2018); *Thompson v. Christenson*, No. 14-cv-98-wmc, 2016 WL 5939736, at *1 (W.D. Wis. Oct. 12, 2016). Because Wright doesn't allege that he provided such notice and he doesn't cite evidence that defendants or anyone else destroyed recordings with the intent to thwart his lawsuit, he hasn't shown that sanctions are appropriate. *See Norman–Nunnery v. Madison Area Technical College,* 625 F.3d 422, 428–29 (7th Cir. 2010) (spoliation sanctions not appropriate in the absence of a showing that evidence was "destroyed for the purpose of hiding adverse information"). At summary judgment or trial, if Wright believes that defendants' testimony about what happened is inaccurate, he is free to submit his own testimony about his version of events based on his personal knowledge.

ORDER

IT IS ORDERED that plaintiff Robert Wright's motion to compel, Dkt. 21, is DENIED.

Entered January 27, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge