IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT J. WRIGHT,

    Plaintiff,

v.                                                    Case No. 19-CV-37

SHAUN FUNK et al.,

    Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Plaintiff Robert Wright is proceeding on Eighth Amendment deliberate indifference claims against Lieutenant (previously Sergeant) Joshua Kolbo and Officer Shaun Funk, based on allegations that they ignored a risk of self-harm on December 3, 2018. Plaintiff is also proceeding on a First Amendment retaliation claim against Officer Ryan Neis for issuing Plaintiff a conduct report based on the incident. Defendants have moved for summary judgment.

In response, Plaintiff mainly attempts to dispute when he told Defendants he was feeling suicidal and the reason he was depressed. Plaintiff does not claim he told any Defendant of any plans to harm himself before he did so, but only that he was feeling suicidal and wanted to talk to PSU staff, and that is fatal to his deliberate indifference claims for the reasons given in Defendants' brief. Nor does Plaintiff have any evidence that he was at substantial risk of serious harm. It is undisputed that that he took about one-third of the pills necessary to indicate treatment for

acetaminophen toxicity and about half of the pills necessary to put him at risk of even minor side effects from ibuprofen overdose. (*See* Dkt. 27.)

As to the retaliation claim, Officer Neis had probable cause to give Plaintiff a conduct report for lying, disruptive behavior, and misuse of medication. He only needed to reasonably perceive a "fair probability" or a "substantial chance" that Plaintiff had engaged in that behavior. *See Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 371 (2009). Probable cause negates a retaliation claim in the present context. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1723–25 (2019).

Next, Plaintiff has not addressed qualified immunity in his response. Once Defendants raised the issue, it became Plaintiff's burden to show that it was beyond debate that Defendants were violating a reasonably specific right as articulated by the Seventh Circuit or the Supreme Court. *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011); *Day v. Wooten*, 947 F.3d 453, 460–61 (7th Cir. 2020); *Campbell v. Kallas*, 936 F.3d 536, 545–48 (7th Cir. 2019); *Leiser v. Kloth*, 933 F.3d 696, 701–03 (7th Cir. 2019). He has not made such a showing.

No precedential case put it beyond debate that Sergeant Kolbo or Officer Funk violated Plaintiff's right to be protected from self-harm. Although *Johnson v. Garant*, No. 19-1383, 2019 WL 6652126 (7th Cir. Dec. 6, 2019) is unreported, it demonstrates that the state of the law was not (and is still not) clear that telling an officer that one is having thoughts of suicide and/or that one would like to speak with a psychological counselor puts an officer on subjective notice for the purposes of a deliberate indifference claim absent knowledge of a particular risk of imminent harm. *Id.* at *2.

If the state of the law were clear in 2018 that an officer is on notice under such circumstances, *Johnson* could not have been decided as it was in 2019, reported or not. Plaintiff has not addressed this argument and has identified no contrary precedential law.

Next, no precedential case put it beyond debate that Officer Neis was violating Plaintiff's First Amendment rights by issuing a conduct report for which he had probable cause, regardless of his subjective motivations. Under *Nieves*, there cannot even be underlying liability in this case. 139 S. Ct. at 1723–25. Plaintiff has identified no contrary precedential law postdating *Nieves*. There is a form of double-deference here: qualified immunity in the context of a probable cause determination. Only if it were clear to Officer Neis that there was no probable cause to issue the conduct report could he be liable under the First Amendment. *Id.* Because Officer Neis was aware of evidence supporting the charges, a lack of probable cause could only have been clear to him if he had been aware of additional evidence clearly negating the charges, which is undisputedly not the case.

## CONCLUSION

Defendants respectfully request that the Court GRANT their motion for summary judgment and enter judgment in their favor.

Dated this 21st day of April, 2020.

                                              Respectfully submitted,

                                              JOSHUA L. KAUL
                                              Attorney General of Wisconsin

s/Eliot M. Held
ELIOT M. HELD
Assistant Attorney General
State Bar #1079681

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8554
(608) 267-8906 (Fax)
heldem@doj.state.wi.us